Melhop, Son & Co. v. Tathwell.

*Mitchell & Penick*, for appellant.

*Dungan & Leech*, for appellee.

AFFIRMED.

MELHOP, SON & CO. v. TATHWELL *et al.*

Contract : COMPOSITION WITH CREDITORS : PAYMENT : TENDER. An insolvent debtor entered into an agreement with his creditors to pay them fifty per cent. of their respective claims, which they agreed to accept in full satisfaction. In a subsequent action to recover the full amount of one of these claims, the defendant offered evidence to show that the fifty per cent. stipulated for in the contract had been placed on deposit in a certain bank, and that their attorney had advised plaintiffs' attorney of that fact, and that the money would be paid upon his depositing in the bank his clients' receipt acknowledging satisfaction in full of the claim. *Held* that this evidence was properly excluded, because it did not tend to show an unconditional offer to pay as provided in the agreement; and that, since defendants had neither performed nor offered to perform their part of the contract, judgment was properly rendered for the full amount of the claim.

*Appeal from Linn District Court.*—Hon. J. H.
Preston, Judge.

Filed, May 31, 1888.

Action on a promissory note and an account for
goods sold and delivered. Defendants pleaded a com-
position contract, whereby plaintiffs and certain other
creditors agreed to accept fifty per cent of the amounts
severally due them in satisfaction thereof. The cause
was tried by the court, and judgment was entered for
plaintiffs for the full amount claimed. Defendants
appeal.

*C. J. Deacon,* for appellants.

*J. W. Jamison,* for appellees.

Reed, J.—The agreement pleaded by defendants is
as follows: "We, the undersigned creditors of the
firm of Tathwell & Brownell, of Springville, Iowa, do
hereby agree to accept, in full payment and satisfaction
of our accounts and claims against said firm, fifty per
cent. of said accounts, the consideration therefor being
that all of the creditors of said firm shall accept said
fifty per cent. of their said accounts or claims in full
payment thereof upon a composition of said firm with
their creditors; said fifty per cent. to be paid, one-half
thereof in cash when the creditors shall all consent
thereto, and the remaining one-half of fifty per cent. to
be paid in six months, with eight per cent. interest,
secured by note of J. S. Tathwell, indorsed by J. C.
Goudy; said firm, however, have the option to pay
said entire fifty per cent. in cash." That agreement
was signed by plaintiffs and certain other creditors of
defendants. At the same time a further agreement was
entered into by which defendants agreed to pay a speci-
fied amount as attorney's fees to plaintiffs' attorney;
the suit having been instituted before the contract was
entered into. Defendants alleged a tender of the
amount due under the contract. It was proven on the

trial that there were certain creditors who did not sign the contract. Defendants, however, offered evidence to prove that they had accepted fifty per cent. of the amounts due them in satisfaction of the whole, but the court excluded the evidence. He also excluded evidence of an offer by defendants to pay to plaintiffs the fifty per cent. stipulated for in the contract.

The judgment that defendants are liable for the full amount of the indebtedness is based upon the following facts, which were specially found by the court, viz.: (1) That defendants had neither paid nor tendered the amount which plaintiffs, by the terms of the contract, agreed to accept in satisfaction of the debt; and (2) that it did not appear that all of defendants' creditors had consented to the composition. If either of these findings was fairly arrived at it will afford sufficient support for the judgment; for, by the terms of the agreement, defendants were to be discharged from liability for the full amount of their indebtedness to plaintiffs only on the payment, at the time and in the manner named in the contract, of the stipulated amount, and in case the other creditors would consent to accept the same proportion of their claims in full satisfaction thereof; and, to entitle defendants to relief under the agreement, it is essential that they show a compliance or a tender of compliance with its requirements. The evidence which they offered for the purpose of establishing an offer of payment of the stipulated proportion of the debt, and which the district court excluded, consisted of certain letters written by their attorney to the attorney for plaintiffs, in which he was advised that the amount of money necessary for the discharge of the indebtedness under the provisions of the contract was on deposit in a certain bank, and would be paid or remitted to him when he sent to or deposited with the bank a receipt in the name of his clients acknowledging full satisfaction of the indebtedness. It is very clear, we think, that the action of the court in excluding that evidence is right. It did not tend to show an unconditional offer by defendants to perform their covenants in

the contract. By its terms, as we have seen, they were to pay fifty per cent. of the indebtedness. Their offer, however, was not to pay that amount absolutely, but to pay it on condition that plaintiffs would execute and deliver to the bank a written acknowledgment of satisfaction of the whole indebtedness. But plaintiffs, while they agreed to accept that amount in satisfaction of the debt, did not agree to execute or deliver a written release. Neither did they agree to accept the amount from the bank or at its place of business. Under the terms of the agreement they had the right to have the money paid to them in person, or at least to their attorney who had the matter in charge. As defendants' offer, then, was not an offer to perform the conditions as agreed upon by the parties, it is of no avail. The finding of the court on the question is therefore clearly right, and, as that finding alone would fully sustain the judgment, we need not inquire as to the correctness of the ruling excluding the evidence offered to establish that the creditors who did not sign the agreement had yet assented to it and had accepted its provisions.

AFFIRMED.